# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CLAYTON RICHARD SMITH, #197990

      Petitioner,

                                    Civil No: 04-CV-72113
                                    Honorable  Arthur J. Tarnow
                                    Magistrate Judge Mona K. Majzoub

v.

KEN ROMANOWSKI[1],

      Respondent.

---

## MEMORANDUM OPINION & ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

      This matter is before the Court on Petitioner's, Clayton Richard Smith's, *pro se* "Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. §2254, filed on June 14, 2004. Respondent filed his "Answer in Opposition to Petition for Writ of Habeas Corpus" on August 16, 2004. For the reasons stated below, the Court will deny the Petition.

## I. Introduction

      On February 4, 1999, in Midland County Circuit Court, Petitioner was convicted in a jury trial of three counts of first-degree criminal sexual conduct with a person under thirteen years of age, pursuant to MCL §750.520b; MSA §28.788(2)(1)(a). Petitioner was sentenced as an habitual offender pursuant to MCL §769.10; MSA §28.1082 to concurrent terms of twenty-five to fifty years imprisonment for each conviction.

---

[1]Petitioner remains an inmate at Chippewa Correctional Facility; and Linda M. Metrish is the current warden.

Petitioner challenges the legality of his conviction and raises three issues for the Court's review; (1) whether the trial court erred by excluding evidence of Petitioner's malformed and discolored penis; (2) whether the trial court erred in permitting the prosecutor to amend the information after the conclusion of the prosecution's case; and (3) whether Petitioner was entitled to relief from judgment due to the trial court's error in excluding critical impeachment evidence. Respondent asserts that Petitioner's claims are based upon state law grounds and therefore are not cognizable on habeas review.

## II.  Background

Lisa Miller is the complainant in this case; and at the time of trial she was 14 years old.  She claims that since the age of 6 and 7 years old, Petitioner, who was her mother's, LeRae Miller's, long time and live-in boyfriend, would perform oral sex upon her, penetrate her digitally and masturbate into a towel.  Lisa Miller testified that Petitioner's routine of coming into her room and performing the above stated sexual  acts occurred one or two nights per week over a period of seven to eight years.[2]  She claims that she never shared with anyone what the Petitioner was doing out of fear, as he threatened to cause harm to she and her family if she told anyone.

At one point, the relationship between LeRae Miller and the Petitioner ended.  It was Lisa Miller's testimony that she told her mother about the Petitioner's sexual conduct at that time.  Lisa

---

[2]Despite the longevity and frequency of the alleged sexual assaults, the original criminal information only consisted of criminal sexual conduct  charges against the Petitioner on three separate occasions between the fall of 1990 and the summer of 1991.  The information was subsequently amended during trial to cover the period of the fall of 1990 through January 1992. Lisa Miller was between 6 and 7 years old at the time of the charged sexual assaults.

Millers' family subsequently moved to Alma, Michigan[3]. Despite Lisa Miller's accusations against the Petitioner and the move to Michigan, LeRae Miller reestablished a relationship with the Petitioner, however, he continued to reside elsewhere. Lisa Miller had sexual relations with the Petitioner on at least one occasion after she and her family moved. This occurred when LeRae Miller took her daughter along for a visit to see the Petitioner.

Lisa Miller's biological father, Carl Woods, found out about her claims against the Petitioner and encouraged her to file a complaint with the police about the sexual assaults.

Petitioner denies ever having engaged in any sexual acts with Lisa Miller. Moreover, LeRae Miller testified that Lisa Miller never came to her complaining of sexual contact between she and the Petitioner. It is Petitioner's position that Lisa Miller's motivation for falsely accusing him of sexually assaulting her was in an effort to take out her anger on her mother.

## III.  Procedural History

Petitioner appealed his conviction as a matter of right to the Michigan Court of Appeals and raised the following issues: (1) whether evidence of Petitioner's discolored and irregularly shaped penis offered by Patricia Smith (Petitioner's mother) should have been excluded; (2) whether the prosecutor should have been permitted to amend the information after he rested his case; (3) whether the sentence imposed was disproportionate to the crime for which he was convicted; and (4) whether Petitioner's sentence was so disparate that it amounted to cruel and unusual punishment.

---

[3]Petitioner and the complainant's family moved several times over the course of 8 years between Wisconsin, the Upper Peninsula and the Lower Peninsula of Michigan.

On December 26, 2000, in an unpublished opinion, the Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Smith,* No. 217660, 2000 WL 33388621 (Mich. Ct. App. Dec. 26, 2000) (per curiam). Petitioner filed an Application for Leave to Appeal with the Michigan Supreme Court raising the same issues he raised before the Michigan Court of Appeals. On October 30, 2001, Petitioner's request for relief was denied. *People v. Smith,* 465 Mich. 899; 636 N.W.2d 145 (Table) (Mich. Oct. 30, 2001). However, Justice Cavanagh noted that he would have remanded the case to the Michigan Court of Appeals for "consideration as on leave granted of the claim of evidentiary error as briefed to this Court." *Id.*

Petitioner subsequently filed a Motion for Relief from Judgment in the trial court raising the following issues: (1) whether the trial court erred by excluding critical impeachment offered by the Petitioner at trial; (2) whether the trial court erred in ruling that the proposed testimony of Petitioner's mother and girlfriend regarding the unique appearance of Petitioner's penis was irrelevant; (3) whether the trial court's alternative reason for excluding the impeachment evidence, lack of foundation, was error; (4) whether Petitioner was entitled to relief under MCR 6.508; and (5) whether Petitioner's concurrent sentences of 25 - 50 years in prison as a second habitual offender were valid due to the prosecution's failure to file a separate information and without the prosecution first obtaining a valid plea or waiver of habitual proceedings. On January 14, 2003, the trial court denied Petitioner's request for relief from judgment. The trial court ruled that Petitioner's relief from judgment motion was barred from review under MCR 6.508(D).

Petitioner then filed a delayed application for leave to appeal with the Michigan Court of appeals raising the following issues: (1) whether Petitioner is entitled to relief from judgment when

Petitioner was denied his right to present a defense when the trial court excluded critical impeachment evidence; (2) whether Petitioner's former appellate counsel was ineffective for failing to raise certain issues on appeal; (3) whether the trial court erred in ruling that the proposed testimony of Petitioner's mother and girlfriend regarding the unique appearance of Petitioner's penis was irrelevant; (4) whether the trial court's reason for excluding the impeachment evidence, lack of foundation, was error; and (5) whether Petitioner was entitled to relief under MCR 6.508(D)(3). On August 13, 2003, the Michigan Court of Appeals denied Petitioner's delayed application stating that Petitioner failed "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Smith,* No. 246348 (Mich. Ct. App. Aug. 13, 2003). Petitioner, subsequently filed an application for leave to appeal with the Michigan Supreme Court, which was denied on April 9, 2004 "because the [petitioner] [] failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Smith,* 469 Mich. 1034; 679 N.W.2d 68 (Table)(Mich. Apr. 9, 2004). On June 14, 2004, Petitioner filed a "Petition for Writ of Habeas Corpus," which is presently before the Court.

## IV. <u>Standard of Review</u>

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

## V.  Applicable Analysis

### A.  Exclusion of Evidence

Petitioner asserts that he was denied the opportunity to present a proper defense when the trial court erred in precluding him from presenting evidence of his deformed and discolored penis. It is Petitioner's position that the presentation of such evidence would have impeached Lisa Miller's testimony, since she testified at trial that she did not notice anything abnormal about Petitioner's penis. The evidence Petitioner sought to present to support the abnormality of his penis was

6

testimony from his mother, Patricia Smith, who testified on a separate record outside of the presence of the jury, that due to Petitioner receiving two circumcisions as a child, he had a noticeable brown ring around his penis. Patricia Smith also testified that she had only seen her son's penis when he was a child and could not testify to what his penis looked like as an adult man with an erection.

The trial court precluded the admission of Patricia Smith's testimony stating that her testimony provided no foundation for "what an adult male with a full erection in a sexual context would look like." The trial court also ruled that Patricia Smith's testimony was irrelevant because what a 6 year old perceives relative to the look of Petitioner's penis cannot be paralleled with Patricia Smith's characterization of what Petitioner's penis looked like as a child. *Id.*

The Michigan Court of Appeals stated that since the Petitioner did not argue "that the trial court erred in excluding the evidence for failure to lay a proper foundation, we need not consider the alternative basis for the trial court's ruling, that is whether the evidence was irrelevant and thus inadmissible." *People v. Smith,* No. 217660, *1, 2000 WL 33388621 (Mich. Ct. App. Dec. 26, 2000) (per curiam). The Michigan Court of Appeals noted, however, that "the trial court's ruling excluding the evidence for lack of foundation is entirely supported by the record. The record is clear that defendant's mother had not recently viewed defendant's adult phallus and thus had no personal knowledge of whether it looked any different than that of other adult males." *Id.* at n. 1.

The Court recognizes that while the right to present a defense is a fundamental tenet of due process, "[a] defendant's right to present evidence is not unlimited, but rather is subject to reasonable restrictions." *United States v. Scheffer,* 523 U.S. 303, 307 (1998). However, the exclusion of

evidence is unconstitutional where it "infringe[s] upon a weighty interest of the accused. *Id.* In determining whether the exclusion of evidence infringes upon a weighty interest of the accused, the court's role is not to determine whether the excluded evidence would have caused the jury to reach a different result. *Davis v. Alaska,* 415 U.S. 308, 317 (1973). See also, *Vasquez v Jones*, __ F.3d __, 2007 WL 1324815 C.A.6 (Mich.), 2007. Instead, the question is whether the defendant was afforded "a meaningful opportunity to present a complete defense." *Crane v. Kentucky,* 476 U.S. 683, 690 (1986).

The ruling did not prevent a viable defense. Rather, it was a ruling based on lack of foundation and relevance. In addition, Petitioner had an opportunity and did present a defense with relevant testimony. In this case, the Court finds that Petitioner had a "meaningful opportunity to present a complete defense." First, Petitioner testified in his own behalf, so he had the opportunity to inform the jury first hand about his innocence and why they should believe that he did not commit this crime. Second, Petitioner called several witnesses including, his mother, Patricia Smith, the complainant's mother, LeRae Miller, and Lisa Miller's siblings. These witnesses attested to the fact that Lisa Miller never made them aware of being sexually assaulted by the Petitioner. She had testified otherwise. Furthermore, these witnesses testified that Petitioner has been like a father to them and a loving and devoted fiancé to LeRae Miller. They testified that it would not have been in his character to commit such an offense. Finally, Petitioner had the opportunity to cross examine all the adverse witnesses, including the complainant.

Therefore, because the exclusion of evidence did not deprive Petitioner of his right to present a defense, the Court finds that Petitioner is not entitled to habeas relief relative to this claim.

   B. Amendment of the Information

Petitioner asserts that he is entitled to habeas relief because the trial court erred when it allowed the prosecutor to amend the information after the close of his proofs. The criminal information that was in place on the eve of trial consisted of criminal sexual conduct charges against the Petitioner on three occasions between the fall of 1990 until July 4, 1991. The information was subsequently amended during trial to cover the period of the fall of 1990 through January 1992. Lisa Miller was between 6 and 7 years old at the time of the charged sexual assaults.

It is well settled that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States,* 295 U.S. 78, 88 (1935). However, a prosecutor has significant discretion in determining what charge to file against an accused provided that probable cause exists to believe that an offense was committed by the accused under the charging statute. *Bordenkircher v. Hayes,* 433 U.S. 357, 364 (1978). Moreover, it is well-settled that amendments to a state criminal information are permissible so long as the amendment does not alter the degree of the crime charged or unfairly surprise the defendant. *Wright v. Lockhart,* 854 F.2d 309, 312 (8th Cir. 1988). Petitioner is not entitled to habeas relief based on the change in time frame in this matter for two reasons.

First, the Petitioner has failed to show that as a result of the time frame change in the information: (1) how he would have conducted his defense differently; (2) the identification of other

witnesses he would have called to testify; or (3) how the substance of Petitioner's testimony would have changed. See *Sharrar v. Foltz,* 658 F. Supp. 862, 866-67 (E.D. Mich. 1987). "[T]emporal variance in the [criminal] information [is] not fatal" in criminal sexual conduct cases because "time is not of the essence [ ] when the victim is a child and the prosecutor has broad discretion in bringing charges supported by the evidence." *Turner v. Romanowski,* No: 05-CV-73072-DT, 2007 WL 496672 (E.D. Mich. Feb. 13, 2007).

Second, Petitioner's defense throughout the trial has been and continues to be that he never sexually assaulted Lisa Miller. Therefore, an amendment to the time frame in which the alleged sexual assault is purported to have taken place, would not affect Petitioner's position relative to his defense. Consequently, since an amendment to the information reflecting a change in the time span in which the charged offense occurred does not alter the degree of the crime charged, unfairly surprise the Petitioner, nor prejudice his theory of the case, habeas relief is not warranted on this claim.

C. <u>Petitioner's Motion for Relief from Judgment</u>

Finally, Petitioner claims that the trial court abused its discretion when it denied his motion for relief from judgment. Petitioner's request for habeas relief relative to this claim is denied. To the extent that the Petitioner believes that trial judge abused his discretion when ruling on the motion for relief from judgment, his claim is without merit. The errors complained of were not a basis for relief. See prior discussion.

It is not necessary to discuss procedural default, because relief would not be appropriate on the merits. See, *Hudson v Jones*, 351 F.3d 212, 215 (6th Cir. 2003) ("[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits."), citing *Lambrix v Singletary*, 520 U.S. 518, 525 (1997).

## VI. Conclusion

For the foregoing reasons, the Court concludes that all of Petitioner's claims for habeas relief filed pursuant to 28 U.S.C. §2254 lack merit. Consequently, Petitioner's application for federal habeas corpus relief shall be dismissed and the writ denied.

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus **[Doc. #3, filed June 14, 2004]** is **DENIED** and this matter is **DISMISSED WITH PREJUDICE.**

s/Arthur J. Tarnow
**Arthur J. Tarnow**
**United States District Judge**

Dated: June 1, 2007

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 1, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary